IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GERALD DAVID SMITH,

　　　　　Plaintiff,

　　vs.

CRAIG GABLE, and TAGGART
BOYD,

　　　　　Defendants.

**8:25CV709**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff Gerald David Smith's complaint filed on December 11, 2025. Filing No. 1. Plaintiff is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues Craig Gable, RTC's warden, and Taggard Boyd, RTC's former warden, alleging as follows:

Plaintiff mailed a Post-Conviction Relief form, postage paid, to the Douglas County Court in March of 2017. Zina Crowder took it to the mail room. The court did not receive the form. Plaintiff filed an informal grievance, but case manager Geerdes did not respond to it. Plaintiff filed a second informal grievance and was instructed by Geerdes to file a step one formal grievance. Plaintiff also re-sent his request for post-conviction relief to the Douglas County Court, but it was denied as time-barred.

Plaintiff was transferred to the Tecumseh State Correctional Institution (TSCI), placed in long-term segregation, and involuntarily medicated based on a false claim that he was delusional and suicidal. The forced medications made him ill, with frequent vomiting, and his mind was foggy and unable to concentrate on anything. He now has symptoms of Post-Traumatic Stress Disorder (PTSD).

Plaintiff's cell was extensively searched on multiple occasions. The warden had given Anthony Burries and Troy Hess permission to take and retain Plaintiff's legal work to assist Plaintiff with his case. Plaintiff's legal materials were confiscated during the cell searches, and they were never returned.

During all of 2023, Plaintiff received monthly notices that the law library was closed when, in fact, it did not exist for those who, like Plaintiff, were housed in the F and G units of the RTC. Plaintiff therefore had no access to a law library during that year. There is still no law library for those confined in the F and G units of the RTC.

### III. DISCUSSION

Plaintiff asks the court to order restoration of his ability to file for post-conviction relief by the Douglas County Court, an evaluation by a third-party psychiatrist to independently diagnose Plaintiff's mental state, treatment for PTSD, $4,000,000 in damages, restoration of his good time, and prosecution of the state employees who harmed him.

#### A. Restoration of Good Time

Plaintiff is demanding restoration of good time, and perhaps also damages, for the loss of good time credits. This claim challenges the length of his sentence and is therefore barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002) (holding a claim

for damages due to discipline that included the loss of good time credits was *Heck*-barred).

### B. Damages and Injunctive Relief

Plaintiff has sued the defendants, as state employees, in both their official and individual capacities, demanding damages and injunctive relief.

#### 1. Official Capacity Claims

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Campbell v. State of Iowa, Third Judicial Dist. Dept. of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against Gable and Boyd, in their official capacities, are claims against the State of Nebraska.

##### a. Claim for Damages

Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding suit brought solely against state or state agency is proscribed by Eleventh Amendment). The Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities, such as Gable and Boyd. See *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at *3 (D. Neb. Apr. 12, 2019) (holding 1983 suit for money damages against

4

unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment).

### b. Claims for Injunctive Relief

Plaintiff demands injunctive relief from the defendants, in their official capacities. Based on Plaintiff's allegations, Boyd is no longer the warden at the RTC. So, he cannot be required to carry out orders demanding ongoing, future conduct at that facility. Any claim for injunctive relief against Boyd must be dismissed.

Gable is allegedly the current RTC warden, and suits against him, in his official capacity, are generally deemed suits against the State of Nebraska and barred by sovereign immunity. But under a narrow exception, sovereign immunity does not bar certain suits seeking injunctive relief against state officers in their individual capacities based on ongoing violations of federal law. *Ex parte Young*, 209 U.S. 123 (1908). "The *Ex parte Young* doctrine rests on the premise that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Elder v. Gillespie*, 54 F.4th 1055, 1062 (8th Cir. 2022). The doctrine of *Ex parte Young* is "a narrow exception" to sovereign immunity. *Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854, 858 (8th Cir. 2024). To meet the *Ex Parte Young* exception, Plaintiff must: (1) be seeking prospective relief, (2) for an ongoing violation of federal law. *Filyaw v. Corsi*, 150 F.4th 936, 941 (8th Cir. 2025), cert. denied, No. 25-491, 2026 WL 135759 (U.S. Jan. 20, 2026).

Here, Plaintiff requests an injunction against Gable, in his official capacity, requiring the Douglas County Court to consider Plaintiff's motion for post-conviction relief. Plaintiff is, in essence, asking this court to intervene and require the Douglas County Court to modify or disregard its procedural rules for post-conviction relief because the State, through the RTC warden in his official capacity, caused the untimely filing. Even if the court assumes such a

claim could be pursued in a § 1983 action,[1] Plaintiff's allegations do not indicate any ongoing conduct by Gable that is precluding Plaintiff's post-conviction motion from being considered. Sovereign immunity therefore bars the claim.

Plaintiff demands an independent mental examination, but he has no constitutional right to such an examination. And while he demands treatment for PTSD, he has alleged no facts suggesting denial of treatment in violation of the Eighth Amendment. So, as to the independent mental examination and PTSD treatment, Plaintiff has failed to allege the elements of the *Ex Parte Young* exception, and as to these demands, his requests for injunctive relief against Gable, in his official capacity, are barred by sovereign immunity.

Finally, Plaintiff demands state prosecution of those who have harmed him and his interests. He does not have a constitutional right to have someone prosecuted and he has not alleged that Gable has done anything to stop the filing of criminal charges. Plaintiff's claim against Gable, in his official capacity, for an injunction ordering prosecution of state prison employees is barred by sovereign immunity.

Plaintiff has failed to state a cognizable claim against the defendants, in their official capacities.

### 2. Individual Capacity Claims

Plaintiff has also sued the defendants in their individual capacities. Very liberally construed, Plaintiff may be alleging Boyd and Gable, in their supervisory roles, are responsible for the conduct of all employees in their chain

---

[1] This request for injunctive relief goes to the procedure, if not the merits, of Plaintiff's right to pursue habeas relief. If the court considers this demand for injunction relief as a request for habeas relief, it is *Heck*-barred. Moreover, there is no allegation that Plaintiff appealed the trial court's order denying his post-conviction motion as untimely, and therefore if deemed a demand for habeas relief, it is procedurally barred.

of command. However, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Supervisors can incur liability only for their personal involvement in a constitutional violation, or when their collective inaction amounts to deliberate indifference to or tacit authorization of violative practices. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Plaintiff's complaint contains no allegations that Boyd and Gable failed to mail Plaintiff's motion for post-conviction relief, failed to provide adequate mental health evaluations or care, searched Plaintiff's cell and confiscated his legal materials, involuntarily medicated him, denied his access to a law library, or thwarted any efforts to prosecute or discipline prison officials who allegedly violated Plaintiff's rights. Plaintiff's claims against Boyd and Gable must be dismissed because they were not personally involved in any of the conduct alleged. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (holding "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement").

In addition, Plaintiff alleges his motion for post-conviction relief was not mailed by prison officials in March of 2017. While 42 U.S.C. § 1983 does not contain a statute of limitations, "federal law looks to the law of the State in which the cause of action arose" and applies the analogous limitations period. *Summers v. Curd*, 2025 WL 1000799, at *3 (D. Neb. 2025) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Neb. Rev. Stat. § 25-207 creates a four-year limitation period for "an action for an injury to the rights of the plaintiff, not

7

arising on contract, and not hereinafter enumerated." Here, Plaintiff's claims needed to be filed no later than four years after the claims accrued. *Blair v. Dory*, 2014 WL 3585307, at *1 (Neb. App. 2014). Plaintiff's complaint was filed on December 11, 2025, more than eight years after prison employees allegedly failed to mail his motion for state post-conviction relief. Any claim arising from the failed mailing of the state post-conviction motion is barred by the statute of limitations.

Finally, Plaintiff has failed to state a claim for lack of access to a law library because he has alleged no injury or harm arising from this claimed deprivation.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against the defendants in their official capacity are barred by sovereign immunity, and she has failed to state a claim against them, in their individual capacities. The complaint is subject to dismissal. But instead of dismissing the complaint at this time, the court will grant Plaintiff leave to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until March 2, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff is advised that any amended complaint filed will replace the initial complaint, not supplement it. So, all of Plaintiff's allegations must be included in the amended complaint.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "March 2, 2026: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 30th Day of January, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge