IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERALD DAVID SMITH, | |
| Plaintiff, | **8:25CV709** |
| vs. | |
| CRAIG GABLE, Warden; Individual capacity and Official capacity; TAGGART BOYD, Individual capacity and Official capacity; ROB JEFFREYS, SCOTT FRAKES, Former Director; Individual capacity and Official capacity; BRANDON HOLLISTER, Psychologist; Individual capacity and Official capacity; SEAN SEARS, Psychiatrist; Individual capacity and Official capacity; KATHLEEN SMITH, Librarian; Individual capacity and Official capacity; ERIC STAIGER, Associate Warden; Individual capacity and Official capacity; APRIL HART, Public Information Officer; Individual capacity and Official capacity; JANICE RIHN, Librarian; Individual capacity and Official capacity; TIFFANY SEAGER, ALEXIS OAGE, Corporal; Individual capacity and Official capacity; KERRIE PAULSON, Mental Health; Individual capacity and Official capacity; RICHARD BLUE, Unit Manager; Individual capacity and Official capacity; SHAWN FREESE, Associate Warden; Individual capacity and Official capacity; and AMANDA BESWICK, Individual capacity and Official capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on Plaintiff Gerald David Smith's amended complaint filed on February 24, 2026. Filing No. 1. Plaintiff is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the

2

essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff's allegations cover a variety of topics and date back to March of 2017. He alleges his mail was lost or not sent in March of 2017, December 2018, July 2019, November 2019, and March of 2020; and he received no response, an inadequate response, or a very delayed response to his grievances in March 2017, August 2018, December 2018, and November 2019.

Plaintiff alleges he was placed in solitary confinement in March of 2019 as retaliation for his complaints against staff; and that after an institutional disciplinary hearing held in April of 2019, he was sentenced to long-term restrictive housing. On April 30, 2019, defendant Rihn instructed a legal aid at LCC to no longer provide legal assistance to Plaintiff

Plaintiff alleges that on November 21, 2019, institutional staff decided Plaintiff had mental health issues warranting involuntary medication. However, the case managers disagreed and believed Plaintiff was merely frustrated with his lack of access to the courts (lost or unsent mail) and his restrictive housing. Plaintiff was not permitted to appeal the involuntary medication decision, and he was transferred to TSCI in December of 2019. On January 3, 2020, Plaintiff appealed the involuntary medication decision to Director Frakes using an Inmate Interview Request form. The appeal was rejected because the type of form was incorrect, but it was the only form the facility staff would provide.

On January 6, 2020, the plaintiff was notified that he would be placed on involuntary medication and assigned to restrictive housing. The Director claimed no appeal was received to re-evaluate that decision. Plaintiff was placed in restrictive housing as "high risk" on January 15, 2020, and remained there until February 21, 2020, when he was transferred to the general population at the Lincoln Correctional Center.

On June 12, 2020, Marv Chauza, the facilities' Mental Health Practitioner, served Plaintiff with notice of an Involuntary Medication Hearing. The hearing took place on June 15, 2020. Plaintiff's statement was taken. Doctors Brandon Hollister and Sean Sears continuously keep Plaintiff involuntarily medicated despite the significant side effects. Those side effects limit his ability to think properly and maintain coherent thought. Plaintiff alleges the drugs he is forced to take are dangerous and hazardous.

Plaintiff has continuously objected to involuntary medication since December 20, 2019. In April of 2023, he was placed in Mental Health restricted housing. Plaintiff believes he has Post Traumatic Stress Disorder (PTSD) due to the actions of NDCS administrators and staff.

### III. DISCUSSION

Plaintiff names NDCS former Director Scott Frakes, current Director Rob Jeffreys, and Deputy Assistant Director Taggart Boyd; RTC Warden Craig Gable, Assistant Warden Eric Staiger, and Deputy Warden Shawn Freese; Brandon Hollister, Ph.D., Sean Sears, PsyD, and Kerrie Paulson, Mental Health; Librarians Kathleen Smith, Janice Rihn, and Tiffany Seager; April Hart, Public Information Officer; Corporal Alexis Oage, Unit Manager Richard Blue; and Case Manager Amanda Beswick, all in their official and individual capacities. He claims his legal mail was not delivered, his grievances were not answered, his law library assistance was limited, he was placed in solitary confinement in retaliation for complaints, and he was involuntarily medicated.

4

Plaintiff requests damages for the mental and physical harm caused by NDCS and injunctive relief.

## A. Injunctive Relief

Plaintiff asks the Court for an order that (1) removes the time bar and restores his ability to file a state postconviction motion; (2) restores his lost good time; (3) requires firing or prosecuting all staff involved in the events described in his amended complaint; (4) requires an evaluation of Plaintiff's mental health by outside experts; and (5) orders treatment for PTSD. For the reasons explained below, each of Plaintiff's demands for prospective relief must be denied.

### 1. Reinstatement of Postconviction Motion

Plaintiff asks the Court for an order removing the time bar and requiring consideration of Plaintiff's state postconviction motion on the merits. The federal court lacks jurisdiction to order a state court to consider a postconviction motion that is untimely filed under the state's procedural law. Plaintiff's request for an order to reopen or reinstate his ability to pursue state postconviction relief must be denied.

### 2. Restoration of Good Time

Plaintiff apparently lost good time credits, and he asks this Court to restore them. This claim under 42 U.S.C. § 1983 challenges Plaintiff's length of confinement and is barred from consideration under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002) (holding a claim for damages due to discipline that included the loss of good time credits was *Heck*-barred). Plaintiff's request for restoration of good time credits must be denied.

### 3. Employment Termination or Prosecution of Staff

Plaintiff asks for an order requiring that any staff involved in the claims raised in his amended complaint be either fired or prosecuted. The Court does

not make and order personnel decisions for a party, and it does not decide who is prosecuted. In addition, the allegations of the amended complaint do not support the elements of any crime. Plaintiff's demand for an order of termination or prosecution of NDCS staff must be denied.

### 4. Court-Ordered Treatment and Re-Evaluation

Plaintiff asks for an order requiring reevaluation of Plaintiff's mental status by mental health providers outside of the NDCS, and to provide Plaintiff with PTSD treatment. Plaintiff has not alleged a lack of mental health care by NDCS, but rather a disagreement with the diagnosis and treatment received. Such facts do not support a constitutional claim warranting judicial intervention in Plaintiff's mental health care and treatment. *Scanlon v. Corr. Med. Servs.*, 126 F. App'x 761, 762 (8th Cir. 2005). The amended complaint fails to state a claim supporting a court-ordered examination of Plaintiff by outside mental health professionals.

Plaintiff believes he has PTSD, but he does not allege he was diagnosed with the condition and denied treatment, or that the NDCS mental health professionals have refused to provide mental health care in violation of the Eighth Amendment. Plaintiff has failed to state a claim for an order requiring PTSD treatment.

Plaintiff's requests for injunctive relief are not supported by the law, the allegations of his amended complaint, or both. Plaintiff has failed to state a claim for his requested injunctive relief.

### B. Claim for Damages

Plaintiff alleges he is entitled to an award of damages from the defendants, in their official and individual capacities, for actions and inactions occurring while performing duties as employees of the State of Nebraska.

6

### 1. Official Capacity Claims

The Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at *3 (D. Neb. Apr. 12, 2019) (holding 1983 suit for money damages against unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment). Therefore, Plaintiff's claims against the defendants, in their official capacities, are barred by the Eleventh Amendment and must be dismissed.

### 2. Individual Capacity Claims

#### a. Statute of Limitations

Plaintiff alleges he is entitled to recover under 42 U.S.C. § 1983 for various alleged misconduct dating back to 2017. This lawsuit was filed on December 11, 2025.

42 U.S.C. § 1983 does not contain a statute of limitations, so "federal law looks to the law of the State in which the cause of action arose" and applies the analogous limitations period. *Summers v. Curd*, 2025 WL 1000799, at *3 (D. Neb. 2025) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Neb. Rev. Stat. § 25-207 creates a four-year limitation period for "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated." Applying that statute, Plaintiff's claims filed more than four years after they accrued are barred by the statute of limitations. *Blair v. Dory*, 2014 WL 3585307, at *1 (Neb. App. 2014).

7

Plaintiff's complaints about mail delivery and associated lack of access to the courts, inadequate grievance responses, lack of law library assistance, and retaliatory placement in solitary confinement all arose more than four years before this lawsuit was filed. These complaints are barred by the statute of limitations.

Plaintiff's remaining complaint focuses on being involuntarily medicated. Plaintiff alleges that between December 20, 2019, and April 20, 2023, Hollister and Sears "continued to keep Mr. Smith on the involuntary medication. All mental health issues between these dates stem from keeping Mr. Smith from his constitutional rights of Due Process and Access to the courts," resulting in PTSD. He alleges that prison unit managers believed Plaintiff's symptoms were due to the loss of his legal papers and being placed in restricted housing and not an underlying psychiatric disorder. Liberally construed, Plaintiff's amended complaint alleges Hollister and Sears misdiagnosed Plaintiff's frustration with his lack of access to the court and placement in restrictive housing as a significant mental health issue warranting involuntary medication.

Under Nebraska law, where a claim alleges incorrect treatment due to a misdiagnosis or some other continuing course of negligent treatment, the claim does not accrue until the last treatment or negligent act. *Bogue v. Gillis*, 311 Neb. 445, 462, 973 N.W.2d 338, 349 (2022). Applying Nebraska's continuous treatment doctrine, Plaintiff's involuntary medication claim accrued on April 20, 2023, the date of the last alleged act of being involuntarily medicated. This lawsuit was filed within four years of that date. Plaintiff's involuntary medication claim is not barred by Nebraska's four-year statute of limitations.

8

b. Involuntary Medication Claim

Plaintiff's amended complaint names 16 defendants. The allegations within that pleading never mention NDCS Director Rob Jeffreys, and Deputy Assistant Director Taggart Boyd; or RTC Warden Craig Gable, Assistant Warden Eric Staiger, and Deputy Warden Shawn Freese. Plaintiff may be alleging these defendants, in their supervisory roles, are responsible for the conduct of all employees in their chain of command. However, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Supervisors can incur liability only for their personal involvement in a constitutional violation, or when their collective inaction amounts to deliberate indifference to or tacit authorization of violative practices. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Plaintiff's complaint contains no allegations of such conduct by Jeffreys, Boyd, Gable, Staiger, and Freese, and his claims against these defendants must be dismissed. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (holding "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement").

The amended complaint also fails to raise any allegations against Paulson, a mental health provider, Smith and Seager, both librarians, Hart, a public information officer; or Corporal Oage, Unit Manager Blue; and Case Manager Beswick. A complaint that only lists a defendant's name in the caption without alleging that the defendant was involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F.

9

App'x 854, 855 (8th Cir. 2003); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Plaintiff has failed to state a claim against Paulson, Smith, Seager, Hart, Oage, Blue, and Beswick.

Plaintiff's complaint alleges Rihn, a librarian, inhibited his access to a legal aid. That event allegedly occurred on April 30, 2019, more than four years before this lawsuit was filed. Plaintiff's claim against Rihn is barred by the statute of limitations.

Plaintiff mentions former Director Frakes as ordering involuntary medication in 2019. But his allegations of what happened during that time frame, or the procedures and/or hearings regarding involuntary medication from 2019 until April 20, 2023, are barely mentioned and very vague. Plaintiff does not sufficiently allege that the events and information, or lack thereof, leading to former Director Frakes' decision approving involuntary medication violated his constitutional rights. Plaintiff has failed to state a claim against Frakes.

That leaves only Hollister and Sears, mental health professionals, as defendants. Plaintiff alleges they were personally involved in determining that Plaintiff must be involuntarily medicated. An inmate's claim under 42 U.S.C. § 1983 which challenges the involuntary administration of medication is analyzed under the Eighth Amendment, either as a claim for deliberate indifference to the inmate's serious medical needs or as the application of excessive force. *Chuol v. Frankes*, No. 4:20CV3062, 2020 WL 6707104, at *3 (D. Neb. Nov. 13, 2020).

When alleging a deprivation of medical care, the inmate must show (1) an objectively serious medical need and (2) the defendants knew of the medical need but were deliberately indifferent to it. *See Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minnesota Dep't of Corrections*, 512 F.3d 478, 481–82 (8th Cir. 2008); *Albertson v. Norris,* 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir. 2006). A medical need is objectively serious "if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022) (quoting *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017). As to the subjective element, the Plaintiff must plead that each defendant acted with a sufficiently culpable state of mind. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). A plaintiff must show a prison official knew of and disregarded the objectively serious medical need. *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002).

Plaintiff is not alleging his mental health needs have been ignored. He objects to forced administration of medication due to the side effects, and he believes he does not have a psychiatric disorder warranting involuntary medication. As described in the amended complaint, Plaintiff's side effects do not rise to the level of severe or serious. Moreover, "[i]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Saylor v. Nebraska*, 812 F.3d 637, 646 (8th Cir. 2016), as amended (Mar. 4, 2016) (citing *Meuir v. Greene Cty. Jail Emps.,* 487 F.3d 1115, 1118 (8th Cir.2007) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). A showing of deliberate indifference "requires more than mere disagreement with treatment decisions.'" *Pietrafeso v. Lawrence County, S.D.*,

11

452 F.3d 978, 983 (8th Cir. 2006) (quoting *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006)). And even assuming Plaintiff has been misdiagnosed, a complaint that a medical or mental health professional negligently diagnosed or treated an inmate does not state a valid claim of medical or mental health mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Plaintiff's amended complaint fails to state a claim for failure to provide appropriate medical care in violation of the Eighth Amendment. *Chuol*, 2020 WL 6707104, at *4 (collecting cases).

If analyzed as an excessive force claim, Plaintiff must allege he was injured by the forced medication, and the force was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate penological purpose. *Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023). Plaintiff has alleged no facts to support a claim that Hollister and Sears have maliciously or sadistically chosen to involuntarily medicate Plaintiff.

Plaintiff has failed to allege an excessive force claim against Hollister and Sears. *Id*. (collecting cases).

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the allegations in Plaintiff's amended complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. This case will be dismissed.

Accordingly,

IT IS ORDERED:

1.     This matter is dismissed without prejudice.

2.     A separate judgment will be entered.


Dated this 1st day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

13